**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ESPARZA PICENO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARGARET MIMS,<br><br>　　　　Respondent. | Case No. 1:14-cv-01700-AWI-SMS  HC<br><br>ORDER DISMISSING COMPLAINT<br><br>(Doc. 1) |

　　　　Petitioner Robert Esparza Piceno is a state prisoner serving 180 days in the Fresno County Jail following violation of parole. He asserts that since he has committed no crime, he is being held unlawfully. The Court finds that Petitioner has failed both to state a discernable claim and to state a federal claim. If the insufficiency of Petitioner's pleading were the only deficiencies in his petition, the Court would grant him an opportunity to amend his petition. But because Petitioner has not exhausted his state remedies, the Court must dismiss the petition.

**I.　　Procedural and Factual Background**

　　　　On an unspecified date, the State of California filed a petition for parole revocation, pursuant to California Penal Code § 3000.08(a), against Petitioner. Following a hearing on October 14, 2014, the Fresno County Superior Court found that Petitioner had violated the terms of his

///

1

parole and ordered him to serve 180 days in the Fresno County Jail. The court remanded Petitioner to the Fresno County Sheriff with no bail to be permitted.

According to Petitioner, trial is pending in an additional matter.  Petitioner provides no information on the additional charges for which he awaits trial or how these charges relate to his habeas claims.

## II.      Screening Requirement

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## III.     Failure to State a Discernable Claim

A petitioner must state his claim with sufficient specificity.  *See Hendricks*, 908 F.2d at 491.  "'Notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979).  Among other requirements, the petition must state the facts supporting each ground.  Rule 2(c) of the Rules Governing Section 2254 Cases.

As presently written, the petition sets forth no discernable claim for which habeas relief would be available.  Although Petitioner alleges generally that he is being held without ever having been charged, the court documents attached to the petition establish that pursuant to California Penal Code, Petitioner was charged in a petition for parole revocation.  Following the October 14 hearing, the court found Petitioner to have violated parole and ordered him to serve 180 days in the

2

Fresno County Jail.  Because the petition includes no factual basis by which the Court could conclude that petitioner is being held unlawfully, the Court has no alternative to dismissing the petition in its present form.

### B. Failure to State a Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . "  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).

In this case, Petitioner fails to state a cognizable federal claim.  He does not allege a specific violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts."  28 U.S.C. § 2254.  Petitioner asserts only that he is being falsely imprisoned, a state tort claim that is not within the scope of a habeas petition.

### C. **Exhaustion of State Remedies**

Finally, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Petitioner has neither appealed the state court's October 14, 2014 order finding him in violation of parole nor filed a petition for writ of habeas corpus in California state court. Because Petitioner's claim for collateral relief is unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

///

///

**CONCLUSION AND ORDER**

The Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 13, 2014                    _____
                                                              SENIOR DISTRICT JUDGE